1
2
3
4
5

6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13
14

JAMES R. WELDON, as personal representative for the estate of JAMES W. WELDON, SR., and the estate of JAMES W. WELDON, SR.,

    Plaintiffs,

  v.

NOVA ORTHO-MED, INC.,

    Defendant.

Case No. C11-2099RSL

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR DISPOSITIVE AND MONETARY SANCTIONS

15     This matter comes before the Court on Defendant's "Motion for Dispositive and
16 Monetary Sanctions" (Dkt. # 26). Defendant Nova Ortho-Med, Inc. argues that Plaintiff
17 James Weldon's counsel's failure to perform a minimal fact investigation until just days
18 before the expert witness disclosure deadline warrants monetary sanctions, plus
19 dismissal of the case or a six month continuance of the trial date and related deadlines.
20 In response, Plaintiff argues that Defendant is somehow responsible for the delay,
21 claiming that Defendant, rather than Plaintiff, should have investigated the veracity of
22 Plaintiff's version of events.
23     Having reviewed the memoranda, declarations, and exhibits submitted by the
24 parties, the Court finds as follows:
25
26 ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 1

(1) This case arises out of an accident involving Plaintiff's father, James W. Weldon ("Mr. Weldon"), and a rolling walker manufactured by Defendant. Plaintiff filed suit against Defendant in King County Superior Court on November 14, 2011, alleging claims on behalf of his father's estate under the Washington Product Liability Act. Notice of Removal (Dkt. # 2) at 2. The case was removed to federal court by Defendant on December 15, 2012. Id. at 1. Plaintiff seeks damages based on allegations of defect in manufacture or construction, design defect, defect in warning, and breach of express warranties. Complaint (Dkt. # 1) at 3-4.

(2) In April 2012, in response to Defendant's first discovery requests, Plaintiff stated that "[t]he walker was donated by a Lion's Club. I do not know the date my father took possession of the walker, but I'm estimating it [to be] somewhere around the fall of year 2009. No alterations were made to the walker." Declaration of Mark W. Conforti (Dkt. # 27), Ex. B at 9-10. Plaintiff's Complaint did not indicate how or where Mr. Weldon obtained the walker, or the condition of the walker at the time of Mr. Weldon's fall.

(3) In July 2012, the parties agreed to extend the deadline for expert witness disclosures until August 15, 2012. Stipulation and Order (Dkt. # 24). Defendant's mechanical engineering expert witness conducted two separate examinations of Mr. Weldon's walker before Defendant disclosed that expert's report on August 15, 2012. Expert Witness Disclosure (Dkt. # 25), Ex. A at 5.

(4) One month before the August 15 deadline, counsel for Plaintiff discovered that Mr. Weldon's neighbor, Rick DelMonte, purchased Mr. Weldon's walker from a pharmacy at Mr. Weldon's request. Despite Plaintiff's earlier presentations to the contrary, the walker was not in a used condition when Mr. Walker received it. Conforti Declaration, Ex. C at 11-12. Based on this new information, Plaintiff's counsel supplemented his original discovery responses less than one week before the deadline

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 2

for disclosure of expert witness reports. Id. at Ex. C. After the deadline passed, Plaintiff's counsel offered to allow Defendant's expert to perform an additional examination of the walker in light of the recently disclosed information. Defendant declined the offer. Declaration of Aaron Rocke (Dkt. # 34) at Ex. 2. Defendant now seeks monetary sanctions plus dispositive relief or a continuance of the trial date.

(5) Plaintiff's counsel's failure to perform a minimal investigation to ensure that Plaintiff's discovery responses were accurate has made the Court doubt counsel's commitment to candor and highlighted the possibility that the integrity of the judicial process has been compromised. The Court recognizes the inherent difficulty in conducting a factual investigation when the primary witness is not available. However, Mr. Weldon's unavailability does not absolve counsel of his duty to perform an investigation. Plaintiff's counsel's declaration does not explain whether he did anything to verify that the discovery responses were accurate. His failure to perform a minimal inquiry into the facts of the case before responding to discovery requests deprived Defendant of the opportunity to realistically evaluate the case, which may have affected the possibility of settlement. In addition, the value of Defendant's discovery choices made before the late disclosure were suddenly placed in doubt.

(6) While Plaintiff's conduct was unprofessional, the Court finds that Defendant has not shown any prejudice as a result of the late disclosure. Defendant fails to provide the Court with any indication that it would have conducted discovery differently had it known that Mr. Weldon received the walker new rather than used. Defendant relies on Adriana Int'l Corp. v. Thoeren to support its claim that Plaintiff's failure to investigate has impaired its ability to go to trial and threatens to interfere with the rightful decision of the case. See Motion at 11 (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). Unlike the present case, the plaintiff in Adriana Int'l Corp. failed

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 3

to produce documents, appear for depositions, and pay sanctions despite the district court's orders to do so. 913 F.2d at 1409-10. Plaintiff's misconduct does not rise to the level present in Adriana Int'l Corp.

(7) Similarly, Defendant has failed to establish that it has incurred unnecessary expenses as a result of the late disclosure. Defendant claims that it "has spent $8,527.45 on expert testing...and further testing will need to be conducted and reports revised in light of the new information." See Motion at 10. However, Defendant does not suggest that it would not have hired an expert witness had it known earlier that Mr. Weldon received a new rather than used walker. Id. Furthermore, Defendant's concerns regarding its expert's evaluation of the walker and the corresponding report could have been remedied by accepting Plaintiff's offer to let Defendant's expert perform additional testing and examination. See Rocke Declaration, Ex. 2.

(8) Before the Court grants dispositive relief as a sanction under its inherent power, the Court should consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006). Though the first two factors weigh in favor of dismissal, the Court finds that they are outweighed by combined force of the last three factors. Defendant's failure to show a risk of prejudice, the strong public policy favoring disposition on the merits and the availability of less drastic sanctions indicate that dispositive relief is not appropriate.

(9) Although the Court declines to dismiss the case, the Court concludes that Plaintiff's counsel's conduct falls below the standard of reasonableness required by Rule 26(g). See Or. RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd. P'ship, 76 F.3d 1003,

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 4

1007 (9th Cir. 1996) ("We use an objective standard to determine whether a party or attorney has responded or objected to a discovery request for an improper purpose."). Under Rule 26(g), "[b]y signing [discovery responses], an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" that the responses are consistent with the rules and warranted by existing law or non-frivolous argument, not interposed for any improper purpose and not unreasonable or unduly burdensome. Fed. R. Civ. P. 26(g)(1)(B). "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Fed. R. Civ. P. 26, advisory committee's note (1983).

(10) The Court concludes that Plaintiff's counsel's conduct was not objectively reasonable. Plaintiff's counsel relied on his client's statements despite his awareness that his client lacked knowledge about Mr. Weldon's acquisition of the walker and the condition of the walker. See Response at 3. Counsel, upon learning that his client could not provide information regarding certain facts, had a duty to interview additional witnesses who would be able to confirm or reject Plaintiff's assumptions. For example, it would have been reasonable for Plaintiff's counsel to interview Dan Haldeman, Mr. Weldon's personal caregiver, who visited Mr. Weldon twice per day, or Rick and Diane DelMonte, Mr. Weldon's neighbors. Conforti Decl., Ex. A at 2-3. In light of Plaintiff's counsel's awareness of other witnesses with firsthand knowledge of the events surrounding the fall, the Court finds that Plaintiff's counsel did not fulfil his minimal duty to perform a reasonable inquiry before responding to the discovery requests. The Court GRANTS Defendant's request for monetary sanctions and finds an award of the costs and fees of bringing this motion appropriate. The Court finds that Plaintiff is not responsible for his counsel's failure to perform an adequate investigation.

(11) As an alternative to dismissing the case, Defendant requests a six month continuance of the trial date. <u>See</u> Motion at 12-13; Proposed Order (Dkt. # 26-1). Based on Defendant's need to conduct additional discovery, the Court finds that a continuance is appropriate. However, the Court finds that a six month continuance is unnecessarily long. The Court GRANTS Defendant's request for a continuance and continues the trial date to April 1, 2013. Defendant may conduct additional discovery related to the acquisition and condition of Mr. Weldon's walker until December 19, 2012.

For all the foregoing reasons, Defendant's motion for sanctions (Dkt. # 26) is GRANTED in part and DENIED in part. The Court GRANTS Defendant's motion for monetary sanctions. Defendant may, within five days from the date of this Order, submit a statement of reasonable expenses incurred in making this motion. The Court DENIES Defendant's motion for dispositive relief and GRANTS Defendant's request for a continuance of the trial date.

DATED this 16th day of November, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 6