1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13
14

JAMES R. WELDEN, as personal
representative for the estate of JAMES W.
WELDEN, SR., and the estate of JAMES W.
WELDEN, SR.,

               Plaintiffs,

     v.

NOVA ORTHO-MED, INC.,

               Defendant.

Case No.  C11-2099RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
DISPOSITIVE AND
MONETARY SANCTIONS

15
16
17
18
19
20
21
22
23
24
25
26

     This matter comes before the Court on Defendant's "Second Motion for Dispositive and Monetary Sanctions" (Dkt. # 60).  Defendant Nova Ortho-Med, Inc. ("Defendant") seeks dismissal of Plaintiff James Welden's ("Plaintiff") claims against it as a sanction for Plaintiff's counsel's repeated failures to investigate the facts underlying his client's claims.  Defendant also seeks monetary sanctions in an amount sufficient to reimburse it for the unnecessary expenses it incurred as a result.  In response, Plaintiff contends that this Court should adopt the "least drastic remedy," which consists of Plaintiff's production of witness declarations and Plaintiff's agreement to pay certain costs incurred by Defendant and to allow Defendant to depose recently disclosed witnesses.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## II.  DISCUSSION

**A.  Background**

This is Defendant's second motion for dispositive and monetary sanctions.  In November 2012, the Court granted in part Defendant's first motion for sanctions based on Plaintiff's counsel's failure perform a minimal factual inquiry before filing suit and before certifying that his discovery responses were accurate.  Dkt. # 52.  Until the end of discovery, Plaintiff maintained that the walker at the heart of this products liability action was donated to his father, Mr. Welden, by a Lion's Club.  Dkt. # 27 at 20-21. One month before the close of discovery, Plaintiff's counsel informed Defendant's counsel that Mr. Welden's neighbor, Richard Delmonte, purchased the walker from a pharmacy at Mr. Welden's request.  Therefore, despite Plaintiff's earlier representations, the walker was new when Mr. Welden received it.  Id. at 36-37.  The Court declined to dismiss the case at that time, but granted Defendant's request to continue the trial date so Defendant could conduct additional discovery related to this new information.  The Court also awarded Defendant the costs and fees it incurred in bringing the motion. Dkt. # 52.

In December 2012, while the parties' summary judgment motions were pending, the Court learned that yet another version of the facts had recently come to light.  Dkt. # 57 at 1-3.  Defendant's counsel was scheduled to depose Richard and Diane Delmonte on a Monday.  The Friday night before the scheduled depositions, Plaintiff's counsel e-mailed Defendant's counsel asking him to cancel the depositions because it turned out that Mr. Delmonte did not actually purchase the walker for Mr. Welden.  Id. at 7. Therefore, Plaintiff's counsel suggested, there was no need to proceed with the depositions.  Id.  In exchange for agreeing to cancel the depositions, Plaintiff's counsel

offered "the name of a witness with first-hand information concerning how the walker came into the deceased's possession and stipulate to his deposition and being called as a witness on that subject." Id. The Court struck the pending summary judgment motions and held a status conference on January 10, 2013. Dkt. # 58.

During the status conference, counsel for Plaintiff explained that Mr. Welden's son, Plaintiff's brother, gave Mr. Welden the walker. He found the used walker at a hospice organization with which he volunteered. In light of this development, the Court struck the trial date, held the remaining deadlines in abeyance, and invited Defendant to file a second motion for sanctions. Dkt. # 59.

**B. Analysis**

Federal courts have inherent power to impose sanctions in response to abusive litigation tactics. "Dismissal is an available sanction when 'a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings' because 'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'" Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (quoting Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995)). Dismissal may be appropriate where a pattern of deception makes it impossible for a court to ensure that the truth will be available at trial. Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). "There is no point to a lawsuit, if it merely applies law to lies." Id. at 1058.

In deciding whether to dismiss a case as a sanction under its inherent power, the Court considers "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 3

availability of less drastic sanctions." <u>Leon</u>, 464 F.3d at 958 (quoting <u>Anheuser-Busch, Inc.</u>, 69 F.3d at 348).

The first two factors, the public's interest in expeditious resolution of litigation and the court's need to manage its dockets, weigh in favor of dismissal. <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999). This case has lingered for a year and half and no trial date is currently set. <u>See</u> Dkt. # 1; Dkt. # 59. Therefore, the first factor favors dismissal. The second factor also weighs in favor of dismissal. Trial has already been rescheduled once due to Plaintiff's counsel's failures to comply with Rule 26. Dkt. # 52. The possibility of rescheduling trial again could disrupt the Court's schedule.

The third factor the Court must consider is prejudice to Defendant. When considering potential prejudice to Defendant, the Court examines "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 131 (9th Cir. 1987). As part of its analysis, the Court balances the prejudice to Defendant and the strength of Plaintiff's excuse for default. <u>Id.</u>

Defendant argues that Plaintiffs' every-changing story threatens to interfere with the rightful decision in this case because there have been many conflicting sworn statements regarding the condition and source of the walker. Dkt. # 60 at 6. It further argues that the delay resulting from Plaintiff's actions impairs its ability to proceed to trial. <u>Id.</u> In opposition, Plaintiff focuses on Defendant's opportunities to cross-examine witnesses at trial and present the prior inconsistent statements to the jury. Dkt. # 62 at 9. According to Plaintiff, whether the walker came from a hospice organization or the Lion's Club makes little difference; "in both cases it is a used walker maintained by a charitable organization and loaned to the decedent." <u>Id.</u> at 8.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 4

As for his excuse, Plaintiff's counsel contends that he did not inquire as to the source of the walker earlier because "a products liability claim may be established regardless of privity and regardless of whether Mr. Welden was even an owner, much less the first owner of the walker." Id. at 1.  While it may be true that a plaintiff can succeed on certain claims under the Washington Product Liability Act ("WPLA") as the second user of a product, a plaintiff who receives a used product as a gift generally cannot establish a breach of warranty claim under the WPLA.  Thongchoom v. Graco Children's Products, Inc., 117 Wn. App. 299, 307 (2003) (lack of privity between buyer and seller of baby walker precluded recover for breach of warranty).  Plaintiff's counsel acknowledged the significance the source of the product may have in his December 20, 2012, letter to Defendant's counsel explaining that Plaintiff intended to withdraw his breach of warranty claim based on the recent development.  Dkt. # 61 at 12 ("In light of these declarations, we expect to drop our allegation of breach of warranty and will entertain other changes.").[1]  Thus, Plaintiff's stated reason for failing to inquire as to the source of the walker does little, if anything, to tip the scales against dismissal.

Of particular concern to the Court is Plaintiff's counsel's conduct after he uncovered new information inconsistent with his previous representations.  For instance, upon learning that Mr. Delmonte did not in fact purchase the walker, Plaintiff's counsel's offered to provide the name of the witness with information about the source of the walker in exchange for Defendant's counsel's agreement to cancel the depositions of the Delmontes.  This threat to withhold information to which Defendant's counsel is entitled conflicts with the nature and purpose of the Federal Rules of Civil Procedure and this Court's Local Rules.  E.g., Fed. R. Civ. P. 26(e) (requiring a party to timely supplement a disclosure or discovery response if the party learns that the disclosure or

---

[1] Despite Plaintiff's offer to withdraw his breach of warranty claim, the Court has not received a notice of withdrawal.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 5

response is incorrect in a material respect); LCR 26(f) ("The rule is intended to promote the just, efficient, speedy, and economical determination of every action and proceeding and to promote, wherever possible, the prompt resolution of discovery disputes without court intervention.  Counsel are expected to cooperate with each other. . . to facilitate the exchange of discoverable information, and to reduce the costs of discovery.").

Equally worrisome to the Court is Plaintiff's counsel's willingness to submit conflicting declarations signed by the same witnesses.  When Plaintiff's counsel learned that Mr. Welden's neighbor purchased the walker, he submitted a declaration signed by Mr. Delmonte supporting that version of events.  Dkt. # 48-1.  Then, when he learned that the walker was a gift from Mr. Welden's son, Plaintiff's counsel did not hesitate to obtain contradictory declarations supporting that version.  Dkt. # 61 at 12-23.  The apparent ease with which Plaintiff's counsel offers conflicting sworn declarations casts serious doubt on whether his future submissions will be truthful if the proceedings continue.

The fourth factor, public policy favoring disposition on the merits, generally weighs against dismissal.  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).  Here, the public has an interest in whether Defendant manufactured an unsafe product.  The Court therefore finds that this factor supports a denial of dispositive sanctions.

Finally, turning to the fifth factor, there are a number of less drastic sanctions available to the Court.  Malone, 833 F.2d at 132 n.1.  For example, the Court could reopen discovery to allow Defendant to conduct additional discovery regarding Mr. Welden's acquisition of the walker.  The Court could strike Plaintiff's breach of warranty claim.  The Court could also impose another monetary sanction on Plaintiff's counsel.  The issue is whether these lesser sanctions or a combination thereof will allow Defendant to adequately prepare for trial and ameliorate the risk that Plaintiff's conduct

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 6

will interfere with the rightful determination of this case.  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406 (9th Cir. 1990).  The availability of lesser sanctions that target Plaintiff's counsel's conduct weighs against dismissal.

In light of Plaintiff's counsel's conduct after being sanctioned once by the Court, the clear relevance of the information, and the Court's concern regarding Plaintiff's counsel's conflicting representations to the Court, the Court finds a severe sanction including the award of monetary sanctions necessary.

### III.  CONCLUSION

For all of the foregoing reasons, it is hereby ORDERED that:

(a) Plaintiff's breach of warranty claim is STRICKEN.  The striking does not preclude Defendant from presenting evidence regarding the conflicting explanations of Mr. Welden's acquisition of the walker.

(b) Monetary sanctions in the amount of $10,000 will be awarded to offset the excess costs caused by Plaintiff's counsel's failure to investigate and validate facts underlying his client's claim, to punish unacceptable behavior, and as a deterrent to future bad conduct.  Plaintiff's counsel shall, within seven days of the date of this Order, pay $10,000 to Defendant through its attorney.  Again, the Court finds that Plaintiff is not responsible for his counsel's misconduct.

(c) Defendant may conduct additional discovery regarding the origin and condition of Mr. Welden's walker.  The Court will issue a separate scheduling order setting a new trial date and reopening discovery for Defendant only.

DATED this 5th day of July, 2013.

_MWS Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SANCTIONS - 7